UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) NO. CR-10-2031-LRS |
| v. | ) **ORDER DENYING** |
| ALEXANDER MEJIA, | ) **MOTION FOR RECONSIDERATION** |
| Defendant. | ) |

**BEFORE THE COURT** is the Government's Motion To Reconsider Evidentiary Ruling Re: Video Footage (Ct. Rec. 47) and the Defendant's Cross-Motion To Suppress Evidence (Ct. Rec. 55).

The video footage is not relevant to the elements of the offense with which the Defendant is charged. Defendant's alleged filming of the officers is not what is alleged by the Government to have constituted the interference with Agent Lopez's discharge of his official duties. Rather, it is Defendant's alleged use of force against Agent Lopez which is alleged by the Government to have constituted the interference with the agent's discharge of his official duties. The elements of the offense are that Defendant intentionally **used force** in resisting, opposing, impeding or interfering with Agent Lopez and that Defendant did so (used force) while Agent Lopez was engaged in his official duties. What is relevant is whether Agent Lopez was engaged in his official duties when he directed the Defendant to stop to answer some questions, and whether Defendant declined to stop and resisted detention. This court has already ruled that whether Agent Lopez had

**ORDER DENYING MOTION
FOR RECONSIDERATION -    1**

reasonable suspicion to stop Defendant is irrelevant to the determination of whether Defendant intentionally used force in interfering with Agent Lopez while the agent was engaged in his official duties. Alleged lack of reasonable suspicion and/or probable cause is not a defense. *United States v. Garcia*, 516 F.2d 318, 320 (9th Cir. 1975); *United States v. Martinez*, 465 F.2d 79, 82-83 (2nd Cir. 1972); and *United States v. Simon*, 409 F.2d 474, 477 (7th Cir. 1969).

The video footage is not critical to the Government's case. Agents Lopez and Petty will presumably testify, as they did at the first trial, what they observed regarding Defendant's alleged filming of law enforcement officers. It is noted that the jury corporately delivered a guilty verdict against Defendant after conclusion of the first trial which, of course, was vacated following polling of the individual jurors and the statements made by a single juror. As in the first trial, the jury will be instructed that the Defendant has a right not to testify or present any evidence, and that the jury must render a verdict based solely on the evidence presented to it at trial.

The Government's Motion To Reconsider Evidentiary Ruling Re: Video Footage (Ct. Rec. 47) is **DENIED** for the reasons set forth above. Defendant's Cross-Motion To Suppress (Ct. Rec. 55) is **DENIED** as moot because the video footage is irrelevant and will not be admitted into evidence. Furthermore, the court will adhere to its previous rulings regarding statements made by Defendant. The Government agrees that in-custody statements of the Defendant are not admissible. Out-of-custody statements made by the Defendant, however, are admissible.

//
//
//
//

**ORDER DENYING MOTION FOR RECONSIDERATION -    2**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this   26th   day of July, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION -**   3