FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 20 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

James A. McDevitt
United States Attorney
Eastern District of Washington
Robert A. Ellis
Assistant United States Attorney
John T. Drake
Legal Intern
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALEXANDER MEJIA,<br><br>    Defendant. | CR-10-2031-LRS<br><br>SUPERVISED<br>DEFERRED PROSECUTION<br>AGREEMENT |

**AGREEMENT FOR PRE-TRIAL DIVERSION**

It appearing that you are reported to have committed an offense against the United States on or about November 20, 2009, in violation of Title 18, United States Code, Section 111(a), in that you did forcibly resist, oppose, impede, and interfere with Reinaldo Lopez, Drug Enforcement Resident Agent in Charge while Reinaldo Lopez was engaged in and on account of the performance of his official duties, and upon your admitting you committed this crime and your accepting responsibility for this act, and it further appearing, after an investigation of the offense, and your background, that the interest of the United States and your own interest and the interest of justice will be served by the following procedure, therefore,

///

///

///

MEJIA Supervised Deferred Prosecution Agreement - 1

On the authority of the Attorney General of the United States, by James A. McDevitt, United States Attorney for the Eastern District of Washington, prosecution in this District for this offense shall be deferred for a period of three (3) months from the date of the filing of this agreement, provided you abide by the following conditions and the requirements of the program set out below:

Should you violate the conditions of this supervision, the United States Attorney may revoke or modify any conditions of this pre-trial diversion program or change the period of supervision which shall in no case exceed twenty-four (24) months. The United States Attorney may release you from supervision at any time. The United States Attorney may at any time within the period of your supervision initiate prosecution for this offense should you violate the conditions of this supervision and will furnish you with notice specifying the conditions of your program which you have violated.

If, upon completion of your period of supervision, a pre-trial diversion report is received to the effect that you have complied with all the rules, regulations and conditions above mentioned, no prosecution for this offense will be instituted in this District, and the United States will move to dismiss any indictment or information with prejudice.

**CONDITIONS OF PRE-TRIAL DIVERSION**

1. You shall not violate any law (federal, state and local). You shall immediately contact your pre-trial diversion supervisor if arrested and/or questioned by any law enforcement officer.

2. You shall attend school or work regularly at a lawful occupation or otherwise comply with the terms of the special program described below. In the absence of a special program, when out of work or unable to attend school, you shall notify your program supervisor at once. You shall consult him prior to job or school changes.

3. You shall continue to live in this judicial district. If you intend to move out of the district, you shall inform your supervisor so that the appropriate transfer of program responsibility can be made.

4. You shall report to your program supervisor as directed and keep him informed of your whereabouts.

5. You shall strive to achieve the desired goals of the program.

**SPECIAL PROGRAM**

6. You shall perform a total of forty (40) hours of community service with an agency and upon such terms as are approved by your program supervisor.

I, **Alexander Mejia**, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also an aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a defendant to trial. I hereby request that the United States Attorney for the Eastern District of Washington defer any prosecution of me for violation of Title 18, United States Code, Section 111(a) for a period of three (3) months, and to induce him to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of three (3) months, which is the period of this Agreement.

MEJIA Supervised Deferred Prosecution Agreement - 3

I, Alexander Mejia, further assert and certify that I have been advised that in order to prove me guilty of interfering and impeding a public officer in violation of Title 18, United States Code Section 111(a), the government would need to prove to a jury that I

1. intentionally used force in resisting and interfering with DEA Resident Agent in Charge Reinaldo Lopez; and
2. I did so while Reinaldo Lopez was engaged in, or on account of his official duties.

I admit that on November 20, 2009, I committed the offense of resisting, opposing, impeding, and interfering with Reinaldo Lopez, Drug Enforcement Resident Agent in Charge while Reinaldo Lopez was engaged in and on account of the performance of his official duties, as that offense is defined in Title 18, United States Code Section 111(a) and construed in *United States v. Chapman*, 528 F.3d 1215, 1219-20 (9th Cir. 2008).

I make this admission after consulting with counsel and waive the inadmissibility of this statement made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the I fail to successfully complete this Pretrial Diversion Program. I acknowledge that any statements made by me to law enforcement agents in the course of plea discussions in this case will be admissible against the me in the United States's case-in-chief if I fail to successfully complete this Pretrial Diversion Program.

///
///
///
///
///
///
///

I hereby state that the above has been read by me. I understand the conditions of my pre-trial diversion, agree that the factual description of my conduct is true and correct, that I have been fully advised regarding the waiver my of speedy trial rights and the admissibility of my admission made in this agreement should I fail to successfully complete the program. I agree to comply with provisions of this Pretrial Diversion Agreement.

_____     9/16/10
ALEXANDER MEJIA                       DATE

_____     9/16/10
WILLIAM PICKET                        DATE
Attorney for Defendant

_____     September 17, 2010
ROBERT A. ELLIS                       DATE
Assistant United States Attorney

_____     9/17/10
United States Probation Officer       DATE

APPROVED without passing judgement on the merits or wisdom of this diversion.

_____     9/20/10
HON. LONNY R. SUKO                    DATE
United States District Judge

MEJIA Supervised Deferred Prosecution Agreement - 5